UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

JOHN M. REED,

           Plaintiff,

   v.

ALAMEDA COUNTY,

           Defendant.
                                   /

No. C 14-4784 NJV (PR)

**ORDER OF DISMISSAL**

      This is a civil rights case filed pro se by a pretrial detainee incarcerated at Santa Rita Detention Facility. Plaintiff is awaiting trial for murder. He seeks to be released from custody and for compensation. The court ordered plaintiff to show cause why this case should not be dismissed pursuant to *Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Plaintiff has filed a response.

      Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Younger*, 401 U.S. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal court intervention; statute must be unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is applied). Abstention may be inappropriate in the "extraordinary circumstance" that (1) the party seeking relief in federal court does not have an adequate remedy at law and will

suffer irreparable injury if denied equitable relief, *see Mockaitis v. Harcleroad*, 104 F.3d 1522, 1528 (9th Cir. 1997) (citing *Younger*, 401 U.S. at 43-44), or (2) the state tribunal is incompetent by reason of bias, *see Gibson v. Berryhill*, 411 U.S. 564, 577-79 (1973).

Plaintiff contends that a police officer is lying, his appointed attorneys keep changing, and they have not filed the appropriate motions. This is insufficient to warrant federal court intervention. *See Perez v. Ledesma*, 401 U.S. 82, 83-85 (1971) (Federal injunctive relief should not be used to test the validity of an arrest or the admissibility of evidence in a state criminal proceeding, for example, absent extraordinary circumstances.) Plaintiff has failed to meet the threshold to warrant such intervention nor has he shown that he will suffer irreparable injury due to the lack of an adequate remedy in state court or that the state court is biased.

## CONCLUSION

1. The motion to proceed in forma pauperis (Docket No. 6) is **DENIED** because plaintiff has already been granted such status.

2. This action is **DISMISSED** for failure to state a claim for the reasons set forth above.

**IT IS SO ORDERED.**

Dated: December 12, 2014.

NANDOR J. VADAS
United States Magistrate Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

JOHN M. REED,                      No. 1:14-CV-4784 NJV

       Plaintiff,                  CERTIFICATE OF SERVICE

v.

ALAMEDA COUNTY,

_____/

      I, the undersigned, hereby certify that on December 12, 2014, I SERVED a true and correct copy the attached by placing said copy in a postage paid envelope addressed to the person listed below, by depositing said envelope in the U.S. Mail.

John M. Reed
AYG661
Santa Rita Detention Facility
5325 Broder Ave.
Dublin, CA 94568

/s/ Linn Van Meter
_____
Linn Van Meter
Administrative Law Clerk to
the Honorable Nandor J. Vadas

3